**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0233-WJM-CBS

ALLEN C. PEDERSEN,

    Plaintiff,

v.

JO-ANN STORES, INC.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Allen C. Pederson ("Plaintiff") brings this action against his former employer, Defendant Jo-Ann Stores, Inc. ("Defendant"), for breach of contract and promissory estoppel. (ECF No. 13.) Before the Court is Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 34.) For the reasons set forth below, the Motion is granted.

## I. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49

(1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Only those facts relevant to resolution of the instant Motion are set forth below. Such facts are viewed in the light most favorable to Plaintiff.

In 2010, Plaintiff and his family were living in California but purchased a farm in Casper, Wyoming. (Pl.'s Statement of Facts ("PSOF") (ECF No. 42 at 4-17) ¶ 1.) Having decided to "devote his life to the Casper, Wyoming farm", Plaintiff began looking for work in the area. (*Id*. ¶ 2.) In December 2010, Plaintiff applied for a position to be a manager in a store Defendant planned to open in Casper, Wyoming in the summer of 2011. (PSOF ¶ 6; Def.'s Statement of Undisputed Facts ("DSOF")[1] (ECF No. 34 at 3-22) ¶ 3.) During Plaintiff's interview in January 2011, he was informed that the plans for the Casper store were delayed by about two months, such that the store would open in September 2011. (DSOF ¶ 17.)

Plaintiff accepted a position in Defendant's "Manager-in-Training (MIT) Learning System" in March 2011. (DSOF ¶ 20.) Plaintiff understood that he was being hired as

---

[1] To the extent the Court cites Defendant's Statement of Facts, it will cite only to those that are admitted by Plaintiff, or for which Plaintiff offers no contrary evidence.

2

the manager for the Casper, Wyoming store. (PSOF ¶ 24.) In April 2011, Plaintiff began MIT training. (DSOF ¶ 27.) Throughout his MIT training, Plaintiff was kept informed of plans regarding the Casper store, including delays that pushed the anticipated opening back to June 2012. (DSOF ¶ 42.)

Due to delays in opening the Casper store, Plaintiff was offered and accepted a position as a Store Team Leader in Boulder, Colorado. (DSOF ¶ 45.) Plaintiff and his family moved from California to Colorado for this position. (PSOF ¶ 36.) Plaintiff understood that his position in Boulder was temporary and that he would be moving to Casper in early 2012 to open the store there. (*Id*. ¶ 38.) However, in November 2011, Plaintiff was informed that Defendant no longer intended to open a store in Casper. (DSOF ¶ 56.)

In December 2011, Plaintiff retained an attorney to represent him regarding any claims that he may have against Defendant. (DSOF ¶ 57.) As of December 21, 2011, the date upon which Plaintiff's attorney sent a demand letter to Defendant, Plaintiff admits that he thought he was going to sue Defendant. (*Id*. ¶ 59.) The parties engaged in settlement discussions, but were unable to reach a resolution. (*Id*. ¶ 64.) On March 1, 2012, Plaintiff resigned from his employment with Defendant. (*Id*. ¶ 65.)

On June 27, 2012, Plaitniff and his wife filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Wyoming (the "Petition"). (DSOF ¶ 66.) In Schedule B of his Petition, Plaintiff was directed to "list all personal property of the debtor of whatever kind. If debtor has no property in one or more categories, place an 'x' in the appropriate position in the column labeled 'None'." (*Id*. ¶ 67.) One of the types of property listed in Schedule B is "contingent and unliquidated claims of every

nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims." (*Id*. ¶ 68.) On Plaintiff's Petition, he indicated that he had no contingent or unliquidated claims. (*Id*. ¶ 69.) Plaintiff's debts were discharged on October 29, 2012. (*Id*. ¶ 74.)

Plaintiff admits that, at the time he completed his Petition, he knew about his claims against Defendant. (Pl.'s Dep. (ECF No. 34-2) p. 101.) Plaintiff also admits that he failed to tell the trustee of his bankruptcy estate about his claims against Defendant. (*Id*.) Plaintiff also failed to mention his claims during the meeting of his creditors. (*Id*. at 102.) As of the time of his deposition, Plaintiff had not contacted his bankruptcy trustee to notify him of this action, or taken any other steps to correct his bankruptcy filings. (*Id*. at 111.)

### III. ANALYSIS

Defendant moves for summary judgment on both of Plaintiff's claims and argues that: (1) Plaintiff is judicially estopped from bringing this action because he failed to list his claims on his Chapter 7 bankruptcy filing; (2) Plaintiff lacks standing to bring these claims as they belong to the trustee of his bankruptcy estate; and (3) Plaintiff has failed to show a genuine dispute of fact as to the merits of his claims. (ECF No. 34 at 21-40.) Because the first argument is dispositive of the motion and the case as a whole, the Court will address only this issue.

Judicial estoppel is an equitable doctrine preventing a party from taking a position in a legal proceeding that is contradictory to a position he successfully relied upon in a previous proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). More specifically, "[w]here a party assumes a certain position in a legal proceeding, and

succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id*. (internal quotation marks omitted). The doctrine is aimed at protecting the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. at 750 (internal quotation marks omitted).

A number of federal courts, including the Tenth Circuit, have held that the doctrine of judicial estoppel prevents a party from pursuing a cause of action that was not disclosed the bankruptcy court. See *Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1158 (10th Cir. 2007) (affirming the district court's ruling that plaintiff was judicially estopped from pursuing personal injury claims that were not disclosed to the bankruptcy court); *Cannon–Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (noting that all six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a cause of action, cannot realize on that concealed asset after the bankruptcy ends). Defendant relies on this authority in pursuing its Motion.

The Tenth Circuit has held that a district court should consider three factors in determining whether the doctrine of judicial estoppel applies to the case before it: (1) a party's later position must be clearly inconsistent with its earlier position; (2) the party must have succeeded in persuading a court to accept the party's earlier position; and (3) the party must derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068-69 (10th Cir. 2005).

Under penalty of perjury, Plaintiff plainly stated on his Schedule B that he had no contingent or unliquidated claims. (ECF No. 34-9 at 13.) This statement is clearly inconsistent with the claims he is pursuing in the instant litigation. Additionally, Plaintiff has made no attempt to correct his bankruptcy filings since commencing this litigation. Thus, the first prong of the judicial estoppel analysis is satisfied. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (failure to list claim on bankruptcy schedule is plainly inconsistent to pursuit of litigation).

In reliance on the accuracy of Plaintiff's Petition, the Bankruptcy Court discharged Plaintiff's debts on October 29, 2012. (DSOF ¶ 74.) During the bankruptcy proceeding, neither the creditors nor the trustee were made aware of the claims at issue in this case. (Pl.'s Dep. at 101, 111.) Thus, Plaintiff succeeded in persuading the Bankruptcy Court that he had no unliquidated or contingent claims, which satisfies the second prong of the judicial estoppel analysis.

Finally, the Court finds that Plaintiff would derive an unfair advantage if he is permitted to continue this litigation. "[I]t is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible, because that is the initial information upon which all creditors rely." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

> The rationale for decisions invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of

> both the creditors, who plan their actions in the bankruptcy
> proceeding on the basis of information supplied in the
> disclosure statements, and the bankruptcy court, which must
> decide whether to approve the plan of reorganization on the
> same basis, are impaired when the disclosure provided by
> the debtor is incomplete.

*Id*. (quoting *Rosenschein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996).  Were the Court to permit Plaintiff to pursue his claims in this case, it would be allowing him to unfairly benefit from his misstatements in his Petition.  Thus, the Court finds that the third factor in the judicial estoppel analysis is satisfied.

In arguing that he is not barred by judicial estoppel from pursuing these claims, Plaintiff contends that he did not make any false statements in his bankruptcy Petition. (ECF No. 42 at 19-20.)  Rather, Plaintiff claims that he stated that he had no contingent or unliquidated debts because "[t]here was not a dollar amount on the claim, so I didn't think there was a claim."  (Pl.'s Dep. at 100.)  However, courts "have not been overly receptive to debtors' attempts to recover on claims about which they 'inadvertently or mistakenly' forgot to inform the bankruptcy court."  *Eastman*, 493 F.3d at 1157.  Rather, "courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'"  *Id*. (quoting *In re Coastal Plains*, 179 F.3d at 210).

In this case, Plaintiff admits that he had knowledge of the undisclosed claims. (PSOF ¶ 54 ("Of course, Plaintiff was aware of his efforts at trying to negotiate a settlement in December 2011-February 2012").)  In fact, prior to filing his Petition,

Plaintiff had retained an attorney to attempt to negotiate a settlement on his behalf.[2] (DSOF ¶¶ 57-64.)  The Court also finds that Plaintiff had a motive to conceal the claims because, had he listed his claims in his Petition, his creditors would have been aware of his possible recovery and could have objected to the discharge of his debts.  Plaintiff's bankruptcy trustee would also have been able to pursue these claims on behalf of Plaintiff's creditors, which could have resulted in Plaintiff failing to personally receive any monetary judgment entered in this case.  Thus, the Court finds that Plaintiff has not shown that judicial estoppel does not apply here because he inadvertently failed to list these claims on his Petition.

Plaintiff also argues that judicial estoppel does not apply because did not intend to defraud the Bankruptcy Court and did not mean to cheat anyone.  (ECF No. 42 at 20.)  However, since this litigation began, Plaintiff has made no attempt to reopen his bankruptcy case to amend his schedules.  *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861 (N.D. Ala. 1999) (court judicially estopped debtor from pursuing discrimination

---

[2] Plaintiff argues that the Court should not consider any evidence related to the prior settlement negotiations because such evidence is barred by Federal Rule of Evidence 408. (ECF No. 42 at 17-18.)  However, Defendant is not relying on this evidence to attempt to prove the validity or the amount of Plaintiff's claim.  Rather, Defendant argues that the evidence of prior settlement negotiations is relevant only to show that Plaintiff had knowledge of these claims before he filed bankruptcy.  (ECF No. 52 at 9-10.)  The Court finds that evidence related to the prior settlement negotiations is admissible for this purpose.  *See* Fed. R. Evid. 408 ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct criminal investigation or prosecution."); *Kraft v. St. John Lutheran Church of Seward, Neb.*, 414 F.3d 943, 947 (8th Cir. 2005) (holding that it was not an abuse of discretion to admit evidence of prior settlement negotiations to show a party's knowledge); *Bankcard Am., Inc. v. Universal Bankcard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000) ("Courts have admitted evidence of offers or agreements to compromise . . . to show the defendant's knowledge and intent"); *Thompson v. Safeway, Inc.*, 2002 WL 500547, at *2 (N.D. Ill. Apr. 2, 2002) ("Courts have routinely admitted evidence of offers or agreements to compromise for purposes of rebuttal, for purposes of impeachment, or to show the defendant's knowledge and intent").

action in part because she deliberately manipulated the courts when she chose not to amend her schedules to reflect the action as an asset of her bankruptcy estate); *compare Archuleta v. Wagner*, 2007 WL 3119615, at *7 (D. Colo. Oct. 22, 2007) (refusing to apply judicial estoppel where plaintiff had amended bankruptcy schedules to list claims prior to bringing litigation).  Thus, the Court finds unpersuasive Plaintiff's argument regarding his lack of intent to defraud.

The Tenth Circuit has held that the "overwhelming weight of authority" holds that a debtor who fails to list a known claim on his bankruptcy schedules is judicially estopped from pursuing that claim after his debts are discharged.  *Eastman*, 493 F.3d at 1157.  The Court concludes that this action fits squarely within that precedent, and finds that Plaintiff is barred from pursuing this litigation by the doctrine of judicial estoppel.  Accordingly, Defendant's Motion for Summary Judgment is granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 34) is GRANTED; and
2. The Clerk shall enter judgment in favor of Defendant on all claims.  Defendant shall have its costs.

Dated this 31st day of July, 2014.

BY THE COURT:

William J. Martinez
United States District Judge